**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

**OSCAR IVAN AGUILAR BENITEZ,**
an individual, and **DIANA CARINA**
**SALGADO PEREZ,** an individual,       Hon.
           Plaintiffs,       Case No.
v.

**HSING LUNG, INC. D/B/A/ HSING'S**
**GARDEN**, a domestic profit corporation,
**JANE DOE 1 A/K/A MEI**, an individual,
and **JANE DOE 2 A/K/A LU,** an individual,
jointly and severally,
           Defendants,

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is a civil action brought on behalf of Plaintiffs to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiffs the minimum wage for all hours worked.

1

3. Defendants violated the FLSA by failing to pay Plaintiffs at the mandated minimum wage rate for all hours worked. The FLSA requires employees to be compensated at a mandated minimum wage rate.

4. Defendants violated the IWOWA by failing to pay Plaintiffs the state mandated minimum wage for all hours worked. The IWOWA requires employees to be compensated at a mandated minimum wage rate.

5. During the relevant time period, Defendants failed to pay Plaintiffs overtime at the rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

6. Defendants violated the FLSA by failing to pay Plaintiffs at the mandated overtime rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek. The FLSA requires all employees to be compensated at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

7. Plaintiffs seek a declaration that their rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

10. Supplemental jurisdiction is appropriate because Plaintiffs' state law claim shares a common nucleus of operative fact with Plaintiffs' federal claims and the claims are most efficiently resolved together in one court.

11. Employees of Defendant Hsing Lung, Inc. were either 1) engaged in commerce; 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

12. Plaintiffs were either 1) engaged in commerce; 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

13. Plaintiffs were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

14. At all times relevant, Defendant Hsing Lung, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

15. At all times relevant, Defendant Hsing Lung, Inc. employed more than two persons.

16. Defendant Hsing Lung, Inc. is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in East Tawas, Michigan, within the United States Judicial District of the Eastern District of Michigan.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

18. Plaintiff Oscar Ivan Aguilar Benitez (hereinafter "Benitez") is an individual who at all times relevant to this complaint resided in the County of Iosco, State of Michigan.

19. Plaintiff Benitez executed a consent to sue form, attached hereto as *Exhibit A*.

20. Plaintiff Diana Carina Salgado Perez (hereinafter "Perez") is an individual who at all times relevant to this complaint resided in the County of Iosco, State of Michigan.

21. Plaintiff Perez executed a consent to sue form, attached hereto as *Exhibit B*.

22. Defendant Hsing Lung, Inc. which does business as Hsing's Garden (hereinafter referred to as "Hsing") is a domestic profit corporation located in the County of Iosco, Michigan with a registered address of 600 East Bay St. Tawas, Michigan 48730. *Exhibit C.*

23. Defendant Hsing is a Chinese restaurant serving Chinese cuisine to the general public.

24. Defendant Jane Doe 1 also known as Mei (hereinafter referred to as "Mei") is an individual who, upon information and belief, is a resident of Iosco County, Michigan.

25. Defendant Jane Doe 2 also known as Lu (hereinafter referred to as "Lu") is an individual who, upon information and belief, is a resident of Iosco County, Michigan.

26. Defendant Mei and Defendant Lu were responsible for the day to day operation of Defendant Hsing.

27. Defendant Mei was directly involved in decisions regarding Plaintiff Benitez's compensation and termination.

28. Defendant Lu was directly involved in decisions regarding Plaintiff Benitez's and Plaintiff Perez's work, schedules, compensation, and termination.

4

## GENERAL ALLEGATIONS

29. Plaintiff Benitez worked for Defendants from approximately May 1, 2019, to approximately January 31, 2020.

30. Plaintiff Perez worked for Defendants from approximately May 1, 2019, to approximately January 31, 2020.

31. Plaintiff Benitez was hired by Defendant Mei.

32. Plaintiff Perez was hired by Defendant Mei.

33. Plaintiff Benitez worked for all Defendants.

34. Plaintiff Perez worked for all Defendants.

35. Plaintiff Benitez worked as a cook for Defendants.

36. Plaintiff Benitez's duties included checking the protein, preparing food, cooking, washing dishes when needed, cleaning, and sweeping.

37. Plaintiff Benitez worked from 10:00am to 9:30pm for Defendants.

38. Plaintiff Benitez worked for Defendants on Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays.

39. The only day Plaintiff Benitez had off each workweek was Wednesday.

40. Plaintiff Benitez worked, on average, approximately sixty-nine (69) hours per workweek.

41. Plaintiff Benitez was compensated on a bimonthly basis, on the first and the sixteenth of each month.

42. Plaintiff Benitez was compensated at a salary of $1,100.00 bimonthly.

43. Plaintiff Benitez was compensated in cash for his salary.

44. Defendant Lu placed Plaintiff Benitez's compensation in an envelope for him.

45. Plaintiff Perez worked as a cook and dishwasher for Defendants.

46. Plaintiff Perez's duties included washing dishes, preparing the dish pit, checking the shrimp, starting the rice, assisting the cooks, and preparing food.

47. Plaintiff Perez worked from 10:00am to 9:00pm for Defendants.

48. Plaintiff Perez worked for Defendants on Mondays, Tuesdays, Wednesdays, Thursdays, Fridays, and Saturdays.

49. The only day Plaintiff Perez had off each workweek was Sunday.

50. Plaintiff Perez worked, on average, approximately sixty-six (66) hours per workweek.

51. Plaintiff Perez was compensated on a bimonthly basis, on the first and the sixteenth of each month.

52. Plaintiff Perez was compensated at a salary of $800.00 bimonthly.

53. Plaintiff Perez was compensated in cash for her salary.

54. Defendant Lu placed Plaintiff Perez's compensation in an envelope for her.

55. Defendants did not compensate Plaintiffs the mandated minimum wage for all hours worked as required by the FLSA.

56. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

57. Plaintiffs were not compensated at a rate no less than time and one half their regular hourly rates for hours worked over forty (40) in a workweek.

58. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

**WILLFUL VIOLATION OF FLSA**

59. Defendant Lu utilized Defendant Hsing to subvert their obligations under state and federal law.

60. Defendant Mei utilized Defendant Hsing to subvert their obligations under state and federal law.

61. Defendants knew or should have known that Plaintiffs were entitled to be compensated at the appropriate rate, for all hours worked.

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

63. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

64. Plaintiffs hereby incorporate and reallege all the paragraphs above.

65. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

66. Plaintiffs were "employee[s]" of Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

67. Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

68. Defendants violated the FLSA by failing to pay Plaintiffs the federally mandated minimum wage for all hours worked.

69. Defendants' violation of the FLSA was knowing and willful.

70. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO PAY OVERTIME

71. Plaintiffs hereby incorporate and reallege all the paragraphs above.

72. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

73. Plaintiffs were "employee[s]" of Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

74. Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

75. Defendants violated the FLSA by failing to pay Plaintiffs at an overtime rate no less than time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

76. Defendants' violation of the FLSA was knowing and willful.

77. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

### COUNT III
### VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY MINIMUM WAGE

78. Plaintiffs hereby incorporate and reallege all the paragraphs above.

79. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq.*

80. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

81. At all relevant times, Plaintiffs were "employee[s]" within the meaning of the IWOWA, M.C.L. § 408.931(c).

82. At all times relevant to this action, Defendants engaged, suffered or permitted Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the IWOWA, M.C.L. § 408.932(b).

83. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.934.

84. By failing to compensate Plaintiffs at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq.*

85. As a result of Defendants' violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

A.  An Order declaring Defendants willfully violated the FLSA;

B.  An Order granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, and awarding Plaintiffs the full amount of damages and liquidated damages available to them under the FLSA;

C.  An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the FLSA as provided by statute;

D.  An Order declaring Defendants violated the IWOWA;

E.  An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the IWOWA as provided by statute;

F.  An Order awarding- and post-judgment interest to Plaintiffs on these damages; and

E.  An Order awarding such other and further relief as this Court deems appropriate.

Dated: June 10, 2020					Respectfully Submitted,

/s/   Robert Anthony Alvarez              .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

10

## JURY DEMAND

NOW COME Plaintiffs, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 10, 2020                                         Respectfully Submitted,

                                                             */s/   Robert Anthony Alvarez*              .
                                                             Robert Anthony Alvarez (P66954)
                                                             Attorney for Plaintiffs
                                                             Avanti Law Group. PLLC

## **VERIFICATION**

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 04.28.20

_____
Oscar Ivan Aguilar Benitez

**VERIFICATION**

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 04/28/2020

_DKSP_
Diana Carina Salgado Perez