UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR IVAN AGUILAR BENITEZ and
DIANA CARINA SALGADO PEREZ,       Case No. 1:20-cv-11512-TLL-PTM

                Plaintiffs,       Hon. Thomas L. Ludington
v.       Magistrate Judge Patricia T. Morris

HSING LUNG, INC. D/B/A HSING'S GARDEN,
JANE DOE 1 A/K/A MEI, and JANE DOE 2 A/K/A LU,

                Defendants.
_____

## JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Oscar Ivan Aguilar Benitez and Diana Carina Salgado Perez, together with Defendants Hsing Lung, Inc., d/b/a Hsing's Garden ("Hsing's Garden") and Jane Doe 1 and Jane Doe 2 (Hsing's Garden and the Jane Doe Defendants are collectively referred to as "Defendants") file this Joint Motion for Approval of Settlement Agreement and Release as to Plaintiffs' claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and violations of the Improved Workforce Opportunity Wage Act, M.C.L. § 408.931, et seq. ("IWOWA"). The Parties request that this Court approve the Parties' Settlement Agreement which is attached hereto as **Exhibit A.** The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## FACTUAL BACKGROUND

Plaintiffs worked for Hsing's Garden, a restaurant specializing in Chinese cuisine which is located in East Tawas, Iosco County, Michigan between May 1, 2019 and January 31, 2020. Neither Plaintiff remains employed by Defendants. Plaintiffs filed their Complaint initiating this lawsuit on June 10, 2020 asserting claims that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* by failing to pay them the required minimum wage and/or failing to pay them at an overtime premium rate for hours that they worked in excess of 40 in a work week during the term of their employment; as well as similar claims for violation of Michigan's counterpart to FLSA, the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.* ("the Action"). ECF No. 1. As relevant to the claims, Plaintiff Benitez alleges that during the time he was employed by Defendants, he was employed as a cook. Id. at PageID.5 ¶ 35. Plaintiff Benitez further alleges that he worked a shift of 11.5 hours per day, 6 days per week. Id. at PageID.5 ¶ 37-39. Plaintiff Benitez alleges that he was paid at the rate of $2,200 per month. Id. at PageID.5 ¶ 42. Plaintiff Perez alleges that she was employed as a cook and a dishwasher during her employment with Defendants, that she worked a shift of 11 hours per day, 6 days per week, and that she was paid at the rate of $1,600 per month. Id. at PageID.6 ¶ 45, 47-49, 52. Plaintiffs allege that they were not paid the required minimum wage, nor were they paid at the proper overtime rate required by

federal or State law. Id. at PageID.6 ¶ 55-58. Plaintiff Benitez asserts that he is owed $7,871 in unpaid wages and Plaintiff Perez alleges she is owed $13,382 in unpaid wages.

Defendants deny Plaintiffs' allegations and have filed an Answer to the Complaint. ECF No. 12. Defendants assert that the hours worked by each Plaintiff are significantly less than stated in the Complaint and that Plaintiffs' Complaint does not take into account meal periods and rest breaks that were afforded to Plaintiffs on a daily basis. Id. at PageID.48 ¶ 37. Id. at PageID.50 ¶ 47. In addition, Defendants dispute the amount of compensation paid to Plaintiffs and assert that Plaintiffs' compensation also included the value of room and board that was provided to Plaintiffs free of charge by Defendants during their employment. Id. at PageID.49 ¶ 42-43. Id. at PageID.51 ¶ 52-53. Defendants further deny that they are subject to coverage under FLSA, as Defendants' business is not engaged in interstate commerce and does not generate more than $500,000 per year in revenue. Id. at PageID.44 ¶ 14.

Following discussions about their claims and defenses, the Parties have agreed that attempting to resolve this case by agreement would be more efficient than litigating it. Settlement negotiations have ensued, and, through their counsel, the Parties have reached an agreement to settle the action which is reflected in the Settlement Agreement attached as Exhibit A.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties have each conducted a thorough investigation into the merits of their respective claims and defenses. Informed by their knowledge and underlying facts and the applicable law, the Parties, through their counsel, have negotiated a settlement of Plaintiffs' claims that involves a total payment of $26,000, as follows:

| | |
|---|---|
| Plaintiff Benitez | $2,434.25 for unpaid overtime and minimum wages and $2,434.24 in liquidated damages. |
| Plaintiff Perez | $5,354.81 for unpaid overtime and minimum wages and $5,354.80 in liquidated damages; and |
| | $10,421.90 in costs and attorneys' fees. |

The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent the reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome and expense of protracted litigation. The Parties jointly advise that their settlement and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

## ARGUMENT AND CITATION OF AUTHORITIES

The FLSA provides that "any employer who violates the provisions of §206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are 1) when the Secretary of Labor supervises a settlement pursuant to 29 U.S.C. §216(c) or 2) when a court reviews and approves a settlement in a private action for back wages. *Lynn's Food Stores, Inc. v. United States Dept of Labor,* 679 F. 2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the court must review the settlement to determine whether it is a fair and reasonable settlement of a bona fide dispute. *Id.* at 1354-55. If a settlement in an FLSA suit reflects a "reasonable compromise over issues," such as an FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In this case Plaintiff Benitez asserts that he is owed $7,871 in unpaid wages. Plaintiff Perez asserts that she is owed $13,382 in unpaid wages. Several genuine bona fide disputes exist in this case. Defendants assert that they are not covered by FLSA because as a small local restaurant, they are not engaged in interstate commerce, nor does the business generate sufficient income to meet the FLSA coverage threshold of $500,000 per year in gross income. Further, genuine bona fide disputes exist as to the computation and calculation of back wages owed to the Plaintiffs. Defendants argue that the hours worked are significantly less than as alleged by Plaintiffs, and that Plaintiffs have not properly taken into account rest breaks and meal periods which Plaintiffs were afforded on a daily basis. Therefore, there is a genuine dispute as to the calculation of any wages due. Further, Defendants assert that Plaintiffs' compensation should include the value of room and board provided to them by Defendants, as permitted under §3(m) of the FLSA. There are genuine bona fide factual issues related to the value of this room and board, and the extent to which Defendants may be entitled to such credit.

Given these bona fide factual disputes, the Parties agree that the settlement of these claims as set forth in their Settlement Agreement represents a fair and reasonable compromise of Plaintiffs' claims and is a fair and reasonable settlement which will avoid the risks and expense involved in litigating these issues.

In addition, the FLSA provides for payment of liquidated damages and reasonable costs and attorneys' fees. The Parties' settlement includes liquidated damages in an amount equal to the Plaintiffs' compensatory damages. The Parties have negotiated and reviewed the amount allocated to attorneys' fees in this settlement and the Parties agree that this amount is reasonable under the circumstances. Defendants do not oppose the fees and costs being paid to Plaintiffs' counsel.

## **THE SETTLEMENT IS FAIR, JUST AND REASONABLE**

In this case, the proposed settlement is fair, just and reasonable. The settlement amounts to be paid each Plaintiff represent a fair and reasonable amount based on Plaintiffs' claims and considering the genuine factual disputes which exist in this case. At all times during this litigation, Plaintiffs and Defendants have been represented by counsel experienced in the ligation of the FLSA claims, and the settlement amount and final Settlement Agreement were the subject of arms-length negotiations. The Parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiffs or Defendants in this case, and the settlement was

7

ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses. In this case, each party has been represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and vigorously did represent their clients' rights. Based upon the amounts to be paid to the Plaintiffs, as well as to Plaintiffs' counsel, the Parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continue to litigate this matter, they would be forced to engage in costly and time-consuming discovery and other litigation in order to prove their claims and defenses. This settlement is a reasonable means for both Parties to minimize future risks and litigation costs.

Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court **GRANT** this Joint Motion for Approval of the Settlement Agreement and Release and enter an Order approving the settlement, allowing the Parties to file a Joint Stipulation of Dismissal With Prejudice as to Plaintiffs' claims within three (3) weeks after entry of an Order of approving the Settlement Agreement, and retaining jurisdiction over this case to enforce the Parties' Settlement Agreement. The proposed Order is attached hereto as **Exhibit B.**

Respectfully Submitted,

| | |
|---|---|
| */s/ Robert Anthony Alvarez.* (w/ consent) | /s/ *Kevin J. Roragen*, Esq. |
| Robert Anthony Alvarez (P66954) | Kevin J. Roragen (P56510) |
| AVANTI LAW GROUP, PLLC | LOOMIS, EWERT, PARSLEY |
| Attorneys for Plaintiffs | DAVIS & GOTTING, P.C. |
| 600 28TH Street, SW | Attorneys for Defendants |
| Wyoming, MI 49509 | 124 West Allegan, Suite 700 |
| (616) 257-6807 | Lansing, Michigan 48933 |
| ralvarez@avantilaw.com | (517) 482-2400 |
| | kjroragen@loomislaw.com |
| Dated: October 23, 2020 | Dated: October 23, 2020 |